

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Agnes McCurry, Secretary
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-4631
Re: State Board of Hairdressers and
Cosmetologists has no legisla-
tive power and cannot waive re-
quirements of law with reference
to the payment of renewal license
fees of operators.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"We respectfully request that you advise us
whether or not the Board would be authorized to
make a ruling, for the duration of the War, to
suspend the license fees on men who have been
called into the service.

"In this connection, we are quoting herewith
Section 18, House Bill No. 189, which reads as
follows:

"'The first certificate of registration
and license shall be valid until August 31,
1936. Thereafter no certificate or license
shall be issued for a longer period than
one (1) year and shall expire on the 31st
day of August, of the year for which they
are issued unless renewed prior to that
date. The holder of an expired certificate
or license may have said certificate or li-
cense restored within one (1) year after
the date of expiration, upon the payment of
the required renewal fee and satisfactory
proof of his or her qualifications to resume
practice.'

Mrs. Agnes McCurry, Page 2

"We have had so many inquiries recently
regarding this point that we would like to know
if the State Board would be authorized to sus-
pend the fees and renew the licenses on these
men, upon their return to civilian life. Other-
wise, the State Board examination would be nec-
essary, if their license had lapsed, before
they could be issued another one to resume work
as an operator in this state."

Section 1 of Article 734b, Vernon's Annotated Texas
Penal Code, makes it unlawful for any person to engage in the
practice or occupation of a hairdresser or cosmetologist or to
conduct a hairdressing or cosmetological establishment or
school without a certificate of registration and/or license
as provided under the act. Section 18 of the act (Article
734b, V. A. P. C.) quoted by you in your letter provides for
the annual renewal of certificates of registration and/or
licenses and provides that the holder of an expired certificate
or license may have said certificate or license restored within
one (1) year after the date of expiration, upon the payment of
the required renewal fee and satisfactory proof of his or her
qualifications to resume practice.

Article 1, Section 28 of our State Constitution, pro-
vides:

"No power of suspending laws in this State
shall be exercised except by the Legislature."

The Legislature has undoubted power to amend or
change existing statutory law, including that which is contain-
ed in a code or revision, in order to meet changing conditions.
An act may be amended during the session at which it was passed
or at any subsequent session, by enactment specifically setting
forth its changed terms. (Texas Jurisprudence, Volume 39,
Page 125, and authorities cited therein)

You are respectfully advised that it is the opinion
of this department that the State Board of Hairdressers and Cos-
metologists is without power to waive or suspend the require-
ments of the statute set out in Section 18 of the act.

Whether such law should be amended or repealed is a
question addressing itself peculiarly and exclusively to the

Mrs. Agnes McCurry, Page 3

Legislature.

Very truly, yours

ATTORNEY GENERAL OF TEXAS

By  Wm. J. Fanning
Assistant

WJF:GO

APPROVED JUN 11, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN